The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Craig H. Excuse me, the Honorable Peter C. Kavanaugh presiding. Thank you. Bailiff. Counsel, you may notice that presiding judge Craig D. Arman is not seen on the screen. We're experiencing some difficulty with internet. He is able to hear everything that's happening and fully participate. I will stand in to preside over these matters. The first matter we're calling is 4-22-1100 State Farm and Casualty Company versus Nathan P. Ziening et al. Counsel for the appellant, please state your name for the record. Ken Simpson on behalf of the estate of Victoria Odarczenko. Thank you for the appellate. Rosa Tumey Allen for State Farm. Thank you. As another matter, there's clearly been a scheduling snafu. Mr. Stinson, do you have an explanation as to why you are not prepared to go at the appointed hour? Somehow it didn't hit my schedule, and I apologize to everybody for that. I don't know what I have nothing on that. I never had that happen before, and I apologize. Understood. We all practice, but it's noteworthy that counsel has been waiting and that this is the first matter of our docket today, and this puts us behind. We'll consider the situation and let you know how we remedy that situation going forward. At this time, counsel for the appellant, you may proceed. Your Honor, so my client was a 21-year-old woman who was in a UTV in Wisconsin. She was in the back seat, and the UTV was going through a federal forest, and the driver lost control, Mr. Zien, and the UTV turned over, hit a tree, and she was killed. There is, in the underlying lawsuit, allegations that, well, there's a wrongful death count against Mr. Zien, but there's also a proxy liability case against Polaris, who was the manufacturer of the UTV. There are two DACA actions that have been filed, one by Progressive and one by State Farm. The one by State Farm is the homeowner's policy that Mr. Zien had on his property where he was living at the time of the accident, which is in Illinois. The case was, right from the get-go, well, say this first. We were made the defendant in this case and sued by State Farm on the coverage case, and we came in and essentially argued that they had not met their burden of proving that coverage was excluded. It went to Judge Tobin eventually, and he's the one that granted their motion. Essentially, there were two issues that came up. One was whether or not they had met their burden of excluding coverage, but the other was whether or not we were entitled to any discovery on that issue beforehand. I thought that we were briefing the issue just of discovery, and apparently Judge Tobin thought that we were briefing not only the discovery issue, but also the issue of whether or not they were entitled to summary judgment. In any event, as you know, the law is very clear that any ambiguities in the policy regarding coverage are to be held against the insurance company since they drafted the policy, and it's an adhesion policy. Furthermore, we argue that there are two separate clauses in which they've relied upon to try to argue that there was not coverage, one of which they never even presented to Judge within the language of either of these phrases. There's actually an exclusion of coverage, and I would note that since the phrases are not identical, they're actually different, that there could be a finding that you're under one phrase, there could be a finding that you're under the other phrase, and yet because the actual language of these two phrases is not identical, there's actually room for there to be ambiguity and there to be a finding of the court that based on that ambiguity that neither of the phrase, neither of the- Excuse me, counsel. This is Judge DeArmond. I'm the one that's not on video. I apologize. Our internet service was-the cable was cut, and so they're trying to repair it, so I'm sorry that I'm not able to see you as we speak. What is the ambiguity? So, the two phrases are-the phrases are-whether or not it was designed for travel on public roads or whether it was used principally off public roads. So, the question really is how was it used, and how it was used is a fact question, and then how it was designed, whether it was designed for travel on public roads is a fact question because we need to talk to the designer, among other things. And then the last part of this, which I think- You've identified the vehicle four-counsel, you've identified the vehicle four times in your argument so far as a UTV, which is one of the vehicles that's specifically described as under the definition of motor vehicle that's included in part of the exclusion. Well, so here's what I'd say about that. Polaris calls it a UTV, but the insurance- No, you did. You did. You did, counsel. So, you did in your complaint, and you've referred to it four times as a UTV in your argument, and now you're telling us that there's an ambiguity in that? No, what I'm saying is that State Farm made a choice when they drafted this policy to define what, according to them, a UTV was, and they have not established that this, in fact, is a UTV under their own definition. That's the argument. They could have said, if Polaris defines it as a UTV, then it's a UTV. They could have said that. They didn't say that. They could have said that if the packaging says it's a UTV, then it's a UTV. They didn't say that. What they said is, we have our own definition of what a UTV is, and it specifically talks about how it was designed and how it's used, and they have not met their burden regarding that, and since it's an adhesion contract, they have- I thought it was your burden. Excuse me, counsel. I thought it was your burden. I thought it was your burden to establish what it was if you're saying there's an ambiguity. No, no. It's their burden to exclude coverage. If you're excluding coverage- It's their burden to establish the exclusion. I'm sorry? It's their burden to establish the exclusion. It would be your burden, however, to establish that there's an ambiguity. I don't- that's not how I read the case law. I mean, what I think is- Okay, let me back up then. Let me back up then. If you're claiming there is an ambiguity in a policy, are you telling me that all you have to do is say there's an ambiguity, and then it becomes the burden of the drafters of the policy to show that it's not an ambiguity? Or if you're the person claiming there's an ambiguity- No, I think- Let me finish my question. Yeah. If you're the person claiming there's an ambiguity, is it not your burden to establish what the ambiguity is? No. So, the first thing that they need to show is that in order to exclude coverage is that the definition that they've given of a UTV applies to the facts of this case, which I assert is a factual determination since there's ambiguity about what is a public road, there's ambiguity be it how it was used. Their duty under the law, because they're claiming an exclusion, is to show that it fits their definition that is within their policy. If there is ambiguity about that, if the court determines there's ambiguity- There's never a question about that unless you claim that it's ambiguous, correct? Right. And that's what in response to- Okay. In response to- So, if you claim that it's ambiguous, let me finish. If you claim that it's ambiguous, don't you have to show what the ambiguity is in order for them to then be required to show why there is no ambiguity? Well, if you're excluding coverage, I believe the law says that the burden is upon them to show that it's not ambiguous because they're trying to exclude coverage and exclusions of coverage are treated differently than other kinds of ambiguity. But even assuming I had the burden, there's no way to meet that burden without discovery, which is to look at how this vehicle was used, to look at how it was designed, and to look at how it is that you're going to define the phrase public road. And until you- So, we know, for instance, that this was being used in a federal forest at the time on federal land. Which would be off of the insured's property, correct? Right. But that doesn't make sure that it falls. That's what they argued, that the only issue here is whether it's off the insured's property. It still doesn't meet the definition of UTV, though. While off the insured's location. Why doesn't that end it right there? Because the item that's allegedly off the insured's location has to meet the definition of UTV, and it doesn't. It just doesn't. We don't know that it's designed for use on public roads. We don't know whether it is used off public roads. And we don't even know what a public road, how a public road is defined. There's so much factual discovery that needs to be done here. And I even got an affidavit. Mr. Stinson, isn't your discovery argument based on the premise that this is a Celotex-type summary judgment motion? I would say- No, it's not, right? It's not a Celotex motion, because they didn't just point to you and say, you haven't got the goods. You can't prove your case. What they did was they said, based on this evidence, which we think is the relevant evidence, you lose. That's not a Celotex motion. Well, so I guess the question is, what is a Celotex motion? It points to you, and it says you can't prove your case. Right. Celotex motion is not coming in with your own evidence and saying, but as a matter of law, I win and you lose. Right. But I guess the question is, you said it's not a Celotex motion because they presented evidence. I'm not clear what that evidence is. I mean, they didn't produce any affidavits. What do you think a policy issuer is going to present as the evidence in a case like this? They're going to present the policy and the underlying complaint. Well, see, here's where I disagree. If they're going to prove how the vehicle was used, they need to have an affidavit to that effect. If they're going to prove how the vehicle was designed, they need to have an affidavit. If they're going to prove or suggest whether it was a public road, they need to have a witness that's going to say this was principally used on this public road or that public road. Again, these are all facts, determinations, and they don't have affidavits on any of those. But they have the allegations of the underlying complaint. And that's what they're being called to either defend or identify. But it doesn't say how the vehicle was principally designed. It doesn't say whether it was principally used on a public road. It doesn't say how the vehicle was principally used or how the vehicle was used. None of those things are pled. I didn't plead those things, and it's not necessary to plead it in the underlying case. So, no, I — With respect to 191B, that's a really specific kind of affidavit. And it's not just an affidavit that says, I need more discovery. It's one where you have to say, I want discovery from these people because here's what I think they would say if sworn. And you didn't do that, right? Well, I disagree. I'm reading you the rule, counsel. No, no. What the affidavit believes they would testify to if sworn and the reasons for that belief. All right. Well, so here's what I say. I think you're correct about reading 191. But 191 expects you to have as much detail as you reasonably could expect to have under the circumstances. And when I don't have control over what investigation the adjuster did in this case, and I'd like to depose the adjuster to find out if they denied this claim. And if they did deny the claim, what they decided regarding the design of the vehicle, the principal use of the vehicle, whether it was a public road. If I don't have that type of information and know who knows it, I think there's enough specificity within the affidavits that we proposed that we met our burden under 191. I've seen the cases that say that a 191 affidavit is insufficient. I've read all those cases. I think my affidavit and my client's affidavit goes way beyond that threshold. But, you know, I mean, the question really is, is what reasonably could me and my client have done to be more specific, other than what we did in that affidavit. I think that just simply as a matter of law, it's enough. I would also say this, the judge Tobin denied me discovery and never suggested that the 191B affidavit was insufficient. He just granted their motion for the reasons that he did on this eight corners rule. And, you know, so, and that's normally a matter of trial court discretion. I mean, the code says a defendant can move for summary judgment at any time. And the question of whether there's discovery allowed before that motion is heard is traditionally a matter for the trial court's discretion. Isn't that correct? Right. I mean, I guess the question is, is before somebody is going to sit down and make a determination, there is not coverage under this policy. And this state cannot recover this money. Are you going to allow any discovery about the investigation that they were required? The insurance company was required to conduct regarding the issue of design of principal use and what is a public road? And if the answer to that is you don't get any discovery and we just basically say that there is no coverage, I disagree. I think that the plaintiff should be allowed discovery on that issue. Anything else, counsel? No, I mean, I'm here to answer any questions, but I think I've articulated what our position is. Very well, y'all time on rebuttal. Counsel for the appellee. You may argue. Thank you, Your Honors. Again, may it please the court. Rosa Toomey Allen for State Farm. Summary judgment here was proper because there was never a reasonable alternative construction of the definition of recreational vehicle, which is contained within the definition of motor vehicle that it was advanced by the estate. State Farm's declaratory complaint expressly alleged that the insured Mr. recreational vehicle that was insured under a recreational vehicle policy issued by Nationwide. That policy was not in effect on the date of loss. The complaint further alleged that the UTV was operated in Wisconsin, where the insured location was in Illinois. None of those allegations were denied in the answer that the estate filed to the declaratory complaint. The estate instead claimed insufficient knowledge and provided no affidavit of insufficient knowledge. So those facts are deemed admitted under the case law. But more importantly, attached to State Farm's declaratory complaint was the then operative second amended complaint. And that is important because the attachment of that complaint as an exhibit to State Farm's declaratory complaint makes it part of the pleadings for all purposes. And anything that can that contradicts anything that's pled in the in the complaint is controlled by the exhibit. And it's also supplemented by the exhibit. And the second amendment complaint expressly alleged at paragraph 14, that a UTV is a motorized vehicle with four or more low pressure tires designed for off road use and intended by the manufacturer, primarily for recreational and utility use by one or more persons. There are similar allegations throughout the second amended complaint that are pled expressly referring to it as an off road vehicle, a recreational vehicle and one that's designed and intended for off road use. When you take all of those facts, which is what State Farm had when it filed its motion for summary judgment on July. The original motion for summary judgment as to the insured was filed on June 17, 2022. The estate filed its answer on July 13, 2022, and then State Farm filed its motion for summary judgment as to the state on July 14, 2022. Based on all those facts, all we had was the undisputed reality that the UTV was a recreational vehicle that was pled as off off road use intended for off road use and for recreational purposes. It fell within subsection C of the definition of motor vehicle in the State Farm policy, which then because it was used off the insured location rendered it subject to the motor vehicle exclusion. So when you're referring to the second amendment complaint, you mean in the underlying litigation? Yes, your honor. And that couldn't be a judicial admission in this case, but you're saying it would be an evidentiary admission. Yes, your honor. And there's also there was a third amendment complaint filed, but that was filed in August of 2022. After the summary judgment motion had been pending for a couple of months, and after all the parties were aware now what the actual issue is, the actual issue, which is usually insured location in these cases. It's usually people trying to say that the accident happened in a place that can qualify as an insured location by definition under a subsection C of the State Farm policy of the definition of insured location, which extends the insured location to be some other place that's regularly used in connection with the residence premises. So that's not what happened here. But what we have here now is an attempt to actually torture what is otherwise clear language about what is a UTV in the face of allegations that were in the second amendment complaint that say this is a recreational vehicle. And then the third amendment complaint filed with the benefit of the knowledge of State Farm's argument omits those specific references if you look if you compare the second and third amendment complaints, the paragraphs 14 and 15 and the second amendment complaint are omitted completely. And then there's careful strategic use or omission of the use of the words off road and designed record for recreational use and that, you know, the court this courts recognized in earlier case laws recently as May 30 of this year and professional solutions the care of party at 2023 elap third fourth to 20409 that plaintiffs have an interest in trying to plead into coverage, but what what cannot be done is you can't ignore reality you can't ignore what what is an obvious and apparent attempt to trigger transparent attempt to trigger coverage, and that is what is going on here what through the argument or through the auspices of saying that there's an ambiguity just saying that State Farm has to prove that this particular UTV was being used in a manner that qualifies it as a UTV for purposes of the definition is it's a tortured analysis, and it was one that was very difficult to follow in the trial court and I will admit I've had a little bit of difficulty following the argument here today because if you look at the that well that's using discovery to create an ambiguity. You don't ever need discovery to create an ambiguity there was never any discovery necessary in this case, because all the court was asked to do was construe the policy provisions construe the policy consistent with what was pled, and at the time, the, the operative complaint, specifically alleged these these facts about the UTV, the third amendment complaint filed after the fact, but still the relevance of the timing of that is something that should not be overlooked because then that's that goes to attempting to plead into coverage, where there's really no, no. There can really be no reasonable alternative reading of the provisions, and the, the reality is that this is a UTV everyone knows what a UTV is there, there was some argument about how State Farm needs to should have provided affidavits about the use of, of this particular vehicle, or maybe UTVs in general, I was not entirely clear, but, you know, State Farm would would invite the court to take judicial notice of the fact that Wisconsin has as many states do has a lot of statutes that regulate the use of UTVs and ATVs, this accident happened in Wisconsin. So presumably any liability that the insured or anyone faces with respect to the accident is going to be governed by the Wisconsin statutes. Now these statutes require that or actually regulate where and when UTVs can be used off public roads. Now, if UTVs were designed for public road use as the estate seems to suggest, there would be no reason to have a statute that the purpose of which is to limit the instances where a UTV could be used on public roads. Well, isn't, isn't the opposite potentially true that you don't need a statute limiting them to off road, if people aren't inclined to use them on road. Yeah, yes, Your Honor, but I guess the point is that there is the point that there's regulatory statutes and regulatory references also in the Second Amendment complaint, all of which underscore the fact that everyone knows what a UTV is a recreational vehicle. There's actually a picture of the vehicle that was involved in the accident in the complaint. It looks like what everyone would recognize to be a UTV recreational vehicle, something that would be insured under a homeowner's policy while used on the trail in Wisconsin, well off the insured location that there's just simply no question that the, the, the trial court was correct and concluding and granting State Farm's motion for summary judgment, and it was also correct in finding that there was no need for replacement for that burden, and it's simply stating that they, you disagree with the construction is insufficient. One final point I'd make is that there was some discussion about needing to depose State Farm representatives or investigate claim file underwriting files to understand how, who knew what when and what they knew and deciding well that's that's been determined there's a case cited in our briefing Kavanaugh is the name of the case, the court specifically was presented that question that the the insured in that case wanted to depose everybody about what they knew and how they knew it. And of course I know you don't get to know that because it's irrelevant to the duty to defend question which is limited to policy construction question of law, what does the policy mean what's been pled. The, the answer is, there either is a duty to defend or there is not the trial court here correctly concluded that there is no duty to defend because the UTV does qualify as a motor vehicle, because it was also used off the insured location. There's been nothing offered on appeal to that warrants revisiting that decision, and the trial court decision should should be affirmed. Thank you, Council rebuttal. So one of the things she said is that there is no ambiguity in this, but for one, this is language they drafted, and it's just not clear from these facts, what it is to be a public road, it's not clear from these facts, what this recreational vehicle if that's what it is whether it meets the definition or not is is definitely a question. It's not clear whether or not this was designed to be to be a principally used off public roads and what's not clear how it was designed, and it's not clear how was actually used. And all of those things have been that they don't have to be an issue, but they're at issue because State Farm decided to draft their policy that way. And I strongly disagree that under these circumstances where they're trying to exclude coverage, and because the reality of it is, is my client doesn't really care. She's might be a state of Victoria or Janko doesn't care whether there's a duty to defend that zines is what she wants is coverage what the estate wants is coverage. And if there's any ambiguity that that arguably excludes coverage, or if there is an exclusion of coverage it's their burden to show that under the policy that they drafted it fits the definition, excluding coverage, and they can't. Aren't the allegations of your second amended pleading in the underlying case sufficient to plug those gaps. Well, so that's an interesting question. So, first of all, when this motion was decided the third amendment complaint was before judge told. Okay, the second amended complaint was not before him. The law on that right that they remain evidentiary admissions means you could explain them. You could say, well, I didn't mean that and I was confused because of X, Y, or Z but they remain. They don't go away. They're still they're still in existence. And right now, we don't have anything to the contrary from you to to say why those were mistaken allegations. Well, again, I mean, first of all, just told me didn't rely on the second amendment complaint whatsoever. He didn't reference it. He said nothing. This is a summary judgment motion with the Nova review. So, yeah, I'm worried about what judge told me relied on. Well, but here's what here's the other part of this too, which is. I don't think the plaintiff should be put in a position where they can't amend their pleadings. And the reality of it is, is once the 3rd amendment complaint is filed. There is nothing to adjudicate under the 2nd amended complaint. It just doesn't exist anymore. It's not before the court. There's nothing to decide. That's not the law. Well, I, I, I'm not familiar with any law that says that you're bound by statements that you made in complaints that have since been. You're not bound, but there's no other statement on those issues. Your amendment didn't state to the contrary. Your amendment just deleted them. Well, yeah, and then, and then I got the person that said that I have an affidavit that I presented to the court from the adjust the person who is the village manager where this happened, saying that this in fact happened on a public road. So, I mean, the reality of it is that issue about whether it's a public road or not is addressed in some evidence, at least, but I mean, the point of the matter is, is that I guess the question is, is in these circumstances. Don't you need discovery to know what how it was designed. Don't you need discovery to know how it was used. Don't you need to know discovery need discovery to observe and evaluate whether it's a public road, all of those kinds of judgments. The, the end of the story is not the second amended complaint that has since been amended. It's just not the end of the story. And I guess, going back to that's why I asked for that type of that's that type of evidence and keep in mind, once they issue a policy, and then we make a demand. They have a duty under the policy to adjust it and that adjustment is to make a determination about whether there's coverage because there's a ton of law out there that says that if you deny coverage for a particular reason you don't raise other issues that those are waived. So they need to respond to my motion with their factual determination in that. Thank you counsel you're out of time. Are there any questions. I do have one question Council. Didn't you get a denial of coverage letter with the reasons for denial. Never. The insurance would have though right. No, no one did. No, we made the claim. No one's ever they just filed the deck action they never denied coverage. Never. Any other questions. Very well, thank you counsel. Thank you both the court will take this matter under advisement. Mr Stinson also say that we prefer the courtroom background be depicted, as opposed to your personal office I understand there were other circumstances today that may have put into that but it's a good reminder. Yeah, I apologize to the court I. This never happened before to me. Thank you. Okay. What else to say other than I'm sorry. So, we got it. Thank you, court stands and recess.